## Katherina Lang v. Margretha Dietz.

1. PARENT AND CHILD—*Liability for the Services of a Foster Child.*
—Where a foster daughter renders services in the family of her adoption after she attains her majority, in the absence of proof that such services were performed as a gratuity, the law will create a liability.

2. APPELLATE COURT PRACTICE—*Objection to the Admission of Testimony, When Waived.*—Where testimony is admitted subject to objection and exception preserved, but no error assigned thereon, and no claim made that there was error in admitting it, it will be presumed that the objection to the admission of such testimony is waived.

Foreclosure.—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed January 29, 1901.

LACKNER, BUTZ & MILLER, attorneys for appellant.

NELSON MONROE, attorney for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.
This is an appeal from a decree of foreclosure. The complainant below is the appellee here.

July 21, 1893, Susanna Lang and her husband, John George Lang, executed their promissory note of that date, payable five years thereafter, to the order of appellee, for the sum of $2,000, without interest. At the same time they executed a trust deed to secure the payment of said note. It was upon a bill filed to foreclose said trust deed because of the non-payment of said note that the decree in question was entered.

When said note and trust deed were executed, Susanna Lang was the owner of the premises described in said trust deed. The next day, that is, July 22, 1893, said Susanna Lang, by quit-claim deed, conveyed said premises to said John George Lang.

Susanna Lang died August 7, 1893. About eighteen months afterward John George Lang was married to the appellant, and about eighteen months thereafter, viz., Sep-

tember 24, 1896, he died, leaving him surviving his widow, the appellant, and a brother and nephews and nieces, his heirs at law, but leaving him surviving no child or children or descendants of any child or children.

When the appellee was about two years of age she went to live with Susanna and John George Lang. She was never legally adopted as their child, but lived with them, and with Mr. Lang after Mrs. Lang died, until he died, as a foster child, and until she was thirty-one years old.

It is contended by counsel for appellant that said note was a mere gift—was without consideration—and can not be enforced, whether intended as a gift *inter vivos*, or a gift *causa mortis*.

The record shows a sufficient consideration. Appellee remained in, and worked more or less for, the family, until she was over thirty years of age. For the services she rendered after she attained majority, and in the absence of proof that they were performed as a gratuity, the law will create a liability. Warren v. Warren, 105 Ill. 569.

The appellee was called as a witness and counsel for appellant objected to any testimony by her. Her testimony was admitted by the master subject to objection and the appellant preserved her exception. But there is no assignment of error thereon and no claim in the brief for appellant that there was error in admitting such testimony. It will therefore be presumed that all objection to the admission of such testimony is waived. Counsel for appellant quote from her testimony to support their contention.

There is no conflict in the testimony. It appears in substance that Mrs. Lang said at the time she had the note and trust deed prepared that appellee had been working for her so long that she (Mrs. Lang) intended to secure appellee for services. This was said in connection with a reference to the fact, as she expressed it to her husband, " I know, Johann, that when you take more drinks than you ought to, you get crazy." Mrs. Lang was ill and she desired to secure to appellee some compensation for her services, fearing that her husband would not do so.

The trust deed and note were given to the witness Oehman by Mrs. Lang to take care of them, and if she should die, to have the trust deed recorded with the quit-claim deed to her husband, with directions to record the trust deed first.

The equities are all with the appellee. Neither the brother, nephews or nieces, or either of them, join in this appeal. It is asserted, and to their credit be it said, that they are in favor of the claim of appellee.

There is no error which could justify a reversal of the decree of the Superior Court, and it is affirmed.